UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FAMILY HEALTH CENTERS OF
SOUTHWEST FLORIDA, INC., a
Florida non-profit corporation,

    Plaintiff,

v.                                 Case No.:  2:21-cv-278-SPC-NPM

SECRETARY, FLORIDA AGENCY
FOR HEALTH CARE
ADMINISTRATION,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Family Health Centers of Southwest Florida, Inc.'s ("FHC") Motion to Enforce Judgment (Doc. 87), Defendant Secretary of the Florida Agency for Health Care Administration's ("AHCA") Motion to Stay Proceedings and Response to Plaintiff's Motion to Enforce Judgment (Doc. 89), and FHC's Opposition to Motion to Stay Proceedings (Doc. 90). For the following reasons, the Court grants AHCA's Motion to Stay, and denies without prejudice FHC's Motion to Enforce.

First some necessary background. Title XIX of the Social Security Act created Medicaid to enable states to provide medical care to certain low-income, elderly, and disabled persons. Participating states, like Florida, have

flexibility to design and administer their programs. But their autonomy is limited. Pertinent here, each state must submit a "state plan" for the Federal Secretary to approve. And if a state later seeks to modify the plan, it must submit a "state plan amendment" ("SPA") for approval.[1] All state plans and any amendments must track federal laws and regulations.

States must reimburse federally qualified health centers ("FQHC")—like FHC—for their covered Medicaid services. *See* 42 U.S.C. § 1396a(bb). Florida and other states use the prospective payment system ("PPS") to reimburse FQHCs at a predetermined, fixed rate. But a FQHC is not stuck with its fixed rate forever. The rate is adjusted yearly for inflation and can be adjusted for "any increase or decrease in the scope of such services furnished by the center or clinic during that fiscal year." *Id.* § 1396a(bb)(3).

What is meant by "any increase or decrease in the scope of such services" is the crux of this suit. Mirroring federal language, Florida states an individual FQHC's rate may be adjusted upon "[a]n increase or decrease in the scope of service(s)." (Doc. 64-1). But Florida defines this condition as "the addition of a new service not previously provided by the FQHC" or "the elimination of an existing service provided by the FQHC." *Id.* Under this definition, AHCA

---

[1] Technically, a state submits a state plan amendment to the Center for Medicare and Medicaid Services ("CMS") within the Department of Health and Human Services to whom the Federal Health and Human Services Secretary has delegated its approval authority. See 42 C.F.R. §§ 430.14-430.15.

mostly denied FHC's request to increase its reimbursement rate to account for its growing workforce and services. So FHC sued and argued Florida's "change in scope" definition is too narrow in violation of federal law.

Earlier in 2023, the Court granted FHC's Motion for Summary Judgment (Doc. 78) and entered judgment (Doc. 79). The Court found Florida's current definition of scope of services is inconsistent with the broader federal statute. (Doc. 78). But the Court did not extend its reach to define "any increase or decrease in the scope of such services" or mandate Florida define it in a specific way beyond that it must comport with federal law. (Doc. 78).

After the Court entered judgment, AHCA filed a Notice of Appeal (Doc. 81). FHC seeks to enforce the Court's judgment despite the pending appeal (Doc. 87). AHCA objects and moves to stay the case pending its appeal (Doc. 89), which FHC opposes (Doc. 89).

"The filing of a notice of appeal generally divests a district court of jurisdiction as to those issues involved in the appeal." *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020). But a district court retains jurisdiction to stay execution of a judgment or enforce judgment absent a stay. Fed. R. App. P. 8; *Escobio*, 946 F.3d at 1251.

A party seeking a stay pending appeal must show: (1) likelihood of success on the merits, (2) irreparable injury absent a stay, (3) lack of substantial prejudice to the other side, and (4) that a stay would serve the

3

public interest. *Nken v. Holder*, 556 U.S. 418, 425–26 (2009). And if the balance of equities weighs heavily in favor of a stay, the first prong is relaxed—a stay may be granted if the appeal presents a "substantial case on the merits" instead of a likelihood of success. *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022).

At bottom, a stay here preserves the status quo. FHC is prejudiced by the status quo. It is undisputed FHC would receive more funding—approximately $23 million a year—if Florida submitted an expanded definition of "change in scope" to CMS and it was approved. (Doc. 89 at Pg. 9). Until such a definition is submitted to CMS, FHC is stuck at its lower reimbursement rate without, it says, any ability to recover this lost revenue. And FHC provides essential and critical health services to Medicaid recipients.

Even so, the balance of equities weighs heavily in favor of a stay. First, changing the status quo before the Eleventh Circuit addresses the appeal would result in AHCA paying more to FHC and all other FQHC—money that it would not recover even if it prevailed on appeal. Second, changing the status quo forces AHCA to submit a new SPA to CMS, which takes resources. Then, if AHCA prevailed on appeal, AHCA must do that work all over again, submitting a new SPA to CMS to change the definition back to its current form. And CMS must approve the new SPA changing the definition back. So, practically speaking, the Eleventh Circuit's decision may come too late for

4

AHCA. And this is a fundamental reason courts stay cases pending appeal. *See Nken*, 556 U.S. at 421 ("A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it.").

Further, a stay serves the public interest. Although FHC provides critical and essential public health services, AHCA resources fund such services. AHCA resources spent on submitting a new SPA would be wasted should AHCA prevail in its appeal. Then AHCA must spend additional resources on a new SPA modifying the change in scope definition back to its present version. Further, should a stay not be issued but AHCA prevail in its appeal, AHCA would have spent millions paying more to FHC and other FQHC that it could not recover. These resources can instead be spent on existing projects for Florida's Medicaid recipients.

Finally, AHCA presents a substantial case on the merits in its appeal. AHCA argues how to differently interpret "scope" of services based on canons of statutory construction. And CMS approved AHCA's current definition of "scope" of services.

Accordingly, it is

**ORDERED:**

1. Defendant Secretary of the Florida Agency for Health Care Administration's ("AHCA") Motion to Stay Proceedings and Response to Plaintiff's Motion to Enforce Judgment (Doc. 89) is **GRANTED**.

2. Plaintiff Family Health Centers of Southwest Florida, Inc.'s ("FHC") Motion to Enforce Judgment (Doc. 87) is **DENIED without prejudice**.

3. This case is **STAYED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 10, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record